IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CRYSTALLE (a.k.a. "CRYSTAL") BROWN, on behalf of herself and similarly situated employees,<br>　　　　　　　　　　Plaintiff,<br>　　v.<br>LYNDON DINER WEST, INC.,<br>　　　　　　　　　　Defendant. | CIVIL ACTION<br><br>FIELD ELECTRONICALLY ON JULY 17, 2019<br><br>CLASS/COLLECTIVE ACTION<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT - CLASS/COLLECTIVE ACTION**

Crystalle (a.k.a. "Crystal") Brown ("Plaintiff") brings this class/collective action lawsuit against Lyndon Diner West, Inc. ("Defendant"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§333.101, *et seq.*

## **JURISDICTION AND VENUE**

1.　This Court has subject matter jurisdiction over the FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.　This Court has subject matter jurisdiction over the PMWA claim pursuant to 28 U.S.C. § 1367.

3.　Venue is proper pursuant to 28 U.S.C. § 1391.

## **PARTIES**

4. Plaintiff resides in York, PA (York County).

5. Defendant is a corporate entity maintaining a principal place of business in York, PA (York County).

6. Defendant employs individuals, including Plaintiff, engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

## **FACTS**

7. Defendant owns and operates the Lyndon Diner located at 1353 Kenneth Road, York, PA 17404 ("the Diner").

8. During the past three years, Defendant has employed at least 40 servers (a.k.a. waitresses/waiters) at the Diner.

9. During March 2019, Plaintiff was employed by Defendant as a server at the Diner.

10. Defendant has paid Plaintiff and other servers an hourly wage of $2.83 plus tips.

11. In seeking to comply with the FLSA and PMWA mandate that employees receive a minimum wage of $7.25/hour, Defendant purports to utilize a "tip credit" in the amount of $4.42 ($7.25 - $2.83) for each hour

worked by Plaintiff and other servers. *See* 29 U.S.C. § 203(m); 43 P.S. § 333.103(d).

12. Defendant does not provide Plaintiff and other servers with any notice explaining the tip credit or the manner in which the tip credit is implemented.

13. Defendant has required Plaintiff and other servers to contribute a portion of their tips to "Expos" (a.k.a. "Expediters").

14. Expos do not receive tips directly from customers. This is because Expos generally work in the kitchen area and do not interact with restaurant customers. The Expo job primarily consists of readying food orders for pick-up and performing other kitchen-related work.

15. During some shifts, the Diner's assigned Manager may spend some of his/her time performing Expo duties. On such occasions, Defendant has required Plaintiff and other servers to contribute a portion of their tips to the Manager.

16. Defendant has required Plaintiff and other servers to perform non-tip-producing work. Such work includes, but is not limited to: rolling silverware; filling, maintaining, and cleaning the salad bar and desert case; cleaning the restaurant; stocking paper products, plates and cups; and cutting fruit. Plaintiff estimates that she and other servers have spent over

30% of their working hours performing such tasks.

## COLLECTIVE AND CLASS ALLEGATIONS

17.   Plaintiff brings this lawsuit on behalf of herself and all individuals who, during anytime within the past three years, have been employed as servers at the Diner.

18.   Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

19.   Plaintiff's PMWA claim should proceed as a class action because, as summarized in paragraphs 20-24, all of Federal Rule of Civil Procedure 23's requisites are satisfied.

20.   The putative class, upon information and belief, includes at least 40 individuals, all of whom are readily ascertainable based on Defendant's standard timekeeping and payroll records, and, as such, is so numerous that joinder of all class members is impracticable.

21.   Plaintiff is a class member, her claims are typical of the claims of other class members, and she has no interests that are antagonistic to or in conflict with the interests of other class members.

22. Plaintiff will fairly and adequately represent the class members and their interests, and she has retained competent and experienced counsel who will effectively represent the class members' interests.

23. Questions of law and fact are common to all class members, since, *inter alia*, this action concerns the legality of Defendant's standardized compensation practices.

24. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only Plaintiff and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
### (Alleging Violations of the FLSA)

25. All previous paragraphs are incorporated as though fully set forth herein.

26. The FLSA entitles employees to a minimum hourly wage of $7.25.

27. While restaurants may utilize a tip credit to satisfy their minimum wage obligations to servers, they forfeit the right to do so when they fail to notify servers of the applicable tip credit rules, require servers to share tips with other restaurant employees who do not "customarily and

regularly receive tips," or require servers to share tips with management. *See generally* 29 U.S.C. § 203(m). Furthermore, the tip credit may not be utilized with respect to hours in which the servers perform non-tip-generating tasks.

28. By failing to notify Plaintiff and other servers of the applicable tip credit rules and requiring them to share tips with Expos and Managers, Defendant has willfully violated the FLSA and forfeited its right to utilize the tip credit in satisfying its minimum wage obligations to Plaintiff and other servers. Alternatively, Defendant has willfully violated the FLSA by utilizing the tip credit to pay Plaintiff and other servers for time associated with non-tip-generating tasks.

## COUNT II
### (Alleging Violations of the PMWA)

29. All previous paragraphs are incorporated as though fully set forth herein.

30. The PMWA entitles employees to a minimum hourly wage of $7.25.

31. While restaurants may utilize a tip credit to satisfy their minimum wage obligations to servers, they forfeit the right to do so when they fail to notify servers of the applicable tip credit rules, require servers to share tips with other restaurant employees who do not "customarily and

regularly receive tips," or require servers to share tips with management. 43 P.S. § 333.103(d)(2). Furthermore, the tip credit may not be taken with respect to hours in which the servers perform non-tip-generating tasks.

32. By failing to notify Plaintiff and other servers of the applicable tip credit rules and requiring them to share tips with Expos and Managers, Defendant has violated the PMWA and forfeited its right to utilize the tip credit in satisfying its minimum wage obligations to Plaintiff and other servers. Alternatively, Defendant has violated the PMWA by utilizing the tip credit to pay Plaintiff and other servers for time associated with non-tip-generating tasks.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and other members of the class/collective, seeks the following relief:

A. $4.42 for every hour worked;

B. Reimbursement of shared tips;

C. Prejudgment interest to the fullest extent permitted under federal and state law;

D. Liquidated damages to the fullest extent permitted under the

7

FLSA;

    E.    Litigation costs, expenses, and attorneys' fees; and

    F.    Such other and further relief as this Court deems just and proper.

| Date: July 17, 2019 | Respectfully, |
|---|---|
| | /s/ Peter Winebrake |
| | Peter Winebrake |
| | R. Andrew Santillo |
| | Mark J. Gottesfeld |
| | WINEBRAKE & SANTILLO, LLC |
| | 715 Twining Road, Suite 211 |
| | Dresher, PA 19025 |
| | (215) 884-2491 |
| | |
| | *Attorneys for Plaintiff* |