**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CRYSTALLE BROWN, et al.,** | : | **Civil No. 1:19-cv-1227** |
| | : | |
| **Plaintiff** | : | |
| | : | **(Chief Judge Jones)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **LYNDON CITY LINE DINER, INC.,** | : | |
| | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

**I.      Factual Background**

This case comes before the undersigned for the purpose of writing the last chapter in the settlement of this Fair Labor Standards Act (FLSA) collective action brought on behalf of 17 opt-in plaintiffs employed by the defendant. The parties have reached agreement on the substantive financial terms of a settlement, but there remained a dispute between the parties regarding certain non-economic terms of this agreement: specifically, parties could not agree upon the language and scope of any confidentiality and non-disparagement provisions of this settlement agreement.

Confronted with this impasse, the parties agreed to submit proposed confidentiality and non-disparagement language to the undersigned for inclusion in their settlement agreement, and further agreed that we could adopt a proposal

1

submitted by either parties or draft our own proposed language for inclusion in the agreement. The parties also stipulated that the language we endorsed would be final and non-appealable.

With these stipulations, the parties submitted competing proposed language and legal citations to us for our consideration. We have reviewed these competing proposals, and upon consideration, have drafted confidentiality and non-disparagement provisions for the parties which are drawn directly from FLSA settlements approved by this court in the past. This proposed text, and the rationale for the confidentiality and non-disparagement provisions, are discussed below.

II.   **<u>Discussion</u>**

In the context of litigation under the Fair Labor Standards Act, as a general rule, "[t]here are only two ways that FLSA claims may be compromised or settled: (1) a compromise supervised by the Department of Labor pursuant to 29 U.S.C. § 216(c), or (2) a compromise approved by the district court pursuant to 29 U.S.C. § 216(b)." <u>Kraus v. PA Fit II, LLC</u>, 155 F. Supp. 3d 516, 522 (E.D. Pa. 2016). In conducting its review of a proposed FLSA settlement, the court should determine whether the agreement constitutes a resolution of a bona fide workplace dispute. The Court "next conducts a two-part fairness inquiry to ensure that (1) the settlement is fair and reasonable for the employees, and (2) the settlement furthers the FLSA's

2

implementation in the workplace." Altnor v. Preferred Freezer Servs., Inc., 197 F. Supp. 3d 746, 764 (E.D. Pa. 2016) (citations omitted).

Confidentiality and non-disparagement provisions in an FLSA settlement agreement implicate the court's duty to ensure that a settlement furthers the FLSA's implementation in the workplace. In this regard, case law strongly favors transparency in settlement agreements, while recognizing the need for limited confidentiality and non-disparagement. As this court has observed:

> "There is 'broad consensus' that FLSA settlement agreements should not be kept confidential." Brown, 2013 WL 5408575, at *3 (citing Brumley, 2012 WL 300583, at *3). The "public-private character" of employee rights under the FLSA means that the public, including current, former, or potential employees of a particular defendant, has an interest in assuring that employee wages are fair; thus, courts find that restrictive confidentiality provisions frustrate the implementation of the FLSA. See Mabry v. Hildebrandt, No. CV 14-5525, 2015 WL 5025810, at *3 (E.D. Pa. Aug. 24, 2015) (approving settlement agreement with the exception of confidentiality clause).
>
> Courts have approved limited or narrowly drawn confidentiality clauses only where the clauses did not prevent plaintiffs from discussing the settlements with defendants' employees. Id. For example, in McGee v. Ann's Choice, Inc., the court found a confidentiality provision reasonable where "[p]laintiffs are free to discuss the litigation with friends, family, employees, and individuals not affiliated with the media." No. CIV.A. 12-2664, 2014 WL 2514582, at *3 (E.D. Pa. June 4, 2014).

Kutz v. Cargill Cocoa & Chocolate, Inc., No. 3:19-CV-0176, 2019 WL 5457776, at *9 (M.D. Pa. Oct. 23, 2019) (quoting Yong Li v. Fam. Garden II, Inc., No. 5:18-CV-01325, 2019 WL 1296258, at *3 (E.D. Pa. Mar. 20, 2019)). These principles

3

favoring limited and narrowly drawn confidentiality provisions are firmly rooted in the decisional case law throughout this district.[1] Recognizing the public interests fostered by transparency, it has also been held that:

> District courts within the Third Circuit have occasionally approved narrowly crafted confidentiality clauses. See, e.g., McGee, 2014 WL 2514582, at *3; In re Chickie's & Pete's Wage & Hour Litig., No. 12-6820, 2014 WL 911718, at *3 (E.D. Pa. Mar. 7, 2014). In each instance, however, the at-issue clause restricted employees only from disparaging their employers and discussing the terms of the settlement with the press and media. McGee, 2014 WL 2514582, at *3; In re Chickie's & Pete's, 2014 WL 911718, at *3. The courts emphasized that the confidentiality clauses furthered implementation of the FLSA by maintaining public access to the settlements and allowing the employees to discuss the terms with fellow co-workers. McGee, 2014 WL 2514582, at *3; In re Chickie's & Pete's, 2014 WL 911718, at *3.

Haley v. Bell-Mark Techs. Corp., No. 1:17-CV-1775, 2019 WL 1925116, at *6 (M.D. Pa. Apr. 30, 2019).

Consistent with this view that the public's interest in implementation of the FLSA is furthered through some measure of transparency, courts have also looked

---

[1] Potoski v. Wyoming Valley Health Care Sys., No. 3:11-CV-00582, 2020 WL 207061, at *6 (M.D. Pa. Jan. 14, 2020); Kutz v. Cargill Cocoa & Chocolate, Inc., No. 3:19-CV-0176, 2019 WL 5457776, at *9 (M.D. Pa. Oct. 23, 2019); Haley v. Bell-Mark Techs. Corp., No. 1:17-CV-1775, 2019 WL 1925116, at *6 (M.D. Pa. Apr. 30, 2019); Confair v. Charles P. & Margaret E. Polk Found., No. 1:17-CV-0674, 2018 WL 2095684, at *2 (M.D. Pa. May 7, 2018); Owens v. Interstate Safety Serv., Inc., No. 3:17-CV-0017, 2017 WL 5593295, at *3 (M.D. Pa. Nov. 21, 2017); Stickel v. SMP Servs., LLC., No. 1:15-CV-00252, 2016 WL 827126, at *2 (M.D. Pa. Mar. 1, 2016)

with disfavor upon confidentiality provisions in settlement agreements that contain

sanctions or penalties.   See e.g., Potoski, supra, 2020 WL 207061 at *6; 2020;

Confair, supra,  2018 WL 2095684, at *2;   Diclemente v. Adams Outdoor Advert.,

Inc., No. CV 3:15-0596, 2016 WL 3654462, at *4 (M.D. Pa. July 8, 2016).

Guided by these principles, we tender the following confidentiality and non-

disparagement provision to the parties, a provision fashioned after those previously

approved by other courts. As noted below, this text is derived directly from cases in

this circuit and draws upon the specific proposals of the parties. The proposed text

is as follows:

### Confidentiality and Non-Disparagement

> Named Plaintiffs and Class Counsel will refrain from making any
> public statements (including, but not limited to, press releases)
> regarding the Settlement. Named Plaintiffs and Class Counsel also will
> not initiate any contacts with the news media regarding the underlying
> facts alleged in the Complaint nor the Settlement, nor respond
> substantively to any news media contact regarding the underlying facts
> alleged in the Complaint nor the Settlement.[2] Should Employees
> receive a subpoena or order of a court reasonably believed to be a court
> of proper jurisdiction seeking the disclosure of the terms of this
> Agreement, Employees shall give the Company notice of any such
> order or subpoena by forwarding the same within three business days.[3]
> However, Plaintiffs may not be prevented from discussing the
> settlement with Defendant's employees, friends, families, and
> individuals not affiliated with the media. Such discussion may take
> place orally, in writing, or through a social media platform among the

---

[2] Derived from Potoski, supra, 2020 WL 207061 at *6.

[3] Derived from Haley v. Bell-Mark Techs. Corp., No. 1:17-CV-1775, 2019 WL
1925116, at *6 (M.D. Pa. Apr. 30, 2019).

individuals identified herein who, in turn, must keep the terms of the agreement disclosed to them confidential.[4] Employees agree to make no public or private statements that are disparaging of the Company, except that employees may furnish factually accurate information requested by any federal, state or local governmental entity or pursuant to subpoena.[5]

Submitted this 9th day of August 2021.


*/s/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

---

[4] Derived from <u>Kutz v. Cargill Cocoa & Chocolate, Inc.</u>, No. 3:19-CV-0176, 2019 WL 5457776, at *9 (M.D. Pa. Oct. 23, 2019) and <u>McGee v. Ann's Choice, Inc.</u>, No. CIV.A. 12-2664, 2014 WL 2514582, at *3 (E.D. Pa. June 4, 2014).


[5] Derived from <u>Haley v. Bell-Mark Techs. Corp.</u>, No. 1:17-CV-1775, 2019 WL 1925116, at *6 (M.D. Pa. Apr. 30, 2019) and <u>Lyons v. Gerhard's Inc.</u>, No. CIV.A. 14-06693, 2015 WL 4378514, at *5 (E.D. Pa. July 16, 2015)